1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTOPHARM, INC., a Texas Corporation,<br><br>Plaintiff,<br><br>v.<br><br>EXELA PHARMA SCIENCES, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No.:  3:20-cv-01587-AJB-DEB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**(Doc. No. 3)** |

11
12
13
14
15
16
17
18
19
20
21
22
23

Pending before the Court is Defendant Exela Pharma Sciences, LLC's ("Defendant") motion to dismiss Plaintiff CustoPharm, Inc.'s ("Plaintiff") Complaint. (Doc. No. 3.) Plaintiff filed an opposition to the motion, (Doc. No. 6), and Defendant replied, (Doc. No. 8). For the reasons set forth below, the Court **GRANTS** Defendant's motion and **DISMISSES WITH LEAVE TO AMEND** Plaintiff's Complaint.

### I.     BACKGROUND

24
25
26
27
28

This action stems from an alleged breach of contract. On or about May 19, 2009, Plaintiff entered into a written referral fee agreement ("Referral Agreement") with Defendant. (Doc. No. 1 ¶ 6.) Under the Referral Agreement, Plaintiff agreed to refer business to Defendant "for the production of pre-launch clinical trial materials and

production of development and commercial drug products[.]" (*Id.*) In consideration for referring new business, Defendant promised to (1) "keep any such information disclosed by [Plaintiff] confidential and not disclose such information to any third party, or use such information for their own benefit to start a new project" and (2)  "pay [Plaintiff a] five percent (5%) commission on all payments received from any referral that resulted in a drug product being manufactured by [Defendant]." (*Id.* ¶ 8.) The commission included "any payments received from the referral, including payments received from R & D work, pre-launch development activities, commercial drug produce [sic] manufacturing and royalties from referred business." (*Id.* ¶ 9.) Commission payments were due within thirty days of Defendant receiving payments from the referred business, with a one and a half percent (1.5%) late fee. (*Id.*)

At the time of the Referral Agreement, "there were six (6) companies that [Plaintiff] identified and [Defendant] acknowledged had been referred pursuant to the terms of the Referral Agreement." (Doc. No. 1 ¶ 10.) Since the parties executed the Referral Agreement, the number of referred companies "grew to at least eleven (11) companies." (*Id.*)

"The Referral Agreement allowed either party to terminate the Referral Agreement 'with six months written notice with all existing business surviving termination[.]'" (*Id.* ¶ 11 (quoting the Referral Agreement).) On or about April 19, 2012, Defendant provided written notice to terminate the Referral Agreement and sought to agree to new terms and obligations, including revising the survivability provision. (*Id.* ¶ 12.) However, Plaintiff only accepted the notice of termination and never agreed to the new terms; Defendant's termination notice became effective on October 19, 2012. (*Id.* ¶ 13.)

The Complaint asserts claims for (1) breach of contract, (2) accounting, and (3) declaratory relief. Plaintiff alleges it made "several referrals to [Defendant] that resulted in the drug being manufactured by [Defendant]," (*id.* ¶ 17), and that Defendant owes Plaintiff commissions pursuant to the Referral Agreement for "the eleven (11) companies, as well as any companies referred to [Defendant] between April 19, 2012 and October 19, 2012," (*id.* ¶ 27). Plaintiff maintains that considering it has no way of knowing when the referred

3:20-cv-01587-AJB-DEB

1  companies paid Defendant, it had no way of discovering the harm it suffered "until
2  recently." (*Id.* ¶ 14.)

3  ## II.  LEGAL STANDARD

4       A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint.
5  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a
6  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief
7  that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).
8  Facial plausibility is satisfied "when the plaintiff pleads factual content that allows the
9  court to draw the reasonable inference that the defendant is liable for the misconduct
10 alleged." *Id.* The plausibility standard is not a probability requirement, but rather, "asks for
11 more than a sheer possibility that a defendant has acted unlawfully." *Id.*

12      To determine the sufficiency of the complaint, the court must assume the truth of all
13 factual allegations therein and construe them in the light most favorable to the plaintiff.
14 *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). This tenet, however,
15 does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the
16 elements of a cause of action, supported by mere conclusory statements, do not suffice."
17 *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]here the well-pleaded
18 facts do not permit the court to infer more than the mere possibility of misconduct," the
19 complaint is subject to dismissal. *Iqbal*, 556 U.S. at 679.

20 ## III.  DISCUSSION

21      Defendant argues that Plaintiff's breach of contract claim is barred by the statute of
22 limitations, and that Plaintiff has not pled facts sufficient to state a breach of contract claim.
23 (Doc. No. 3 at 9–11.)[1] Defendant also contends that Plaintiff's accounting and declaratory
24 relief claims fail because both are dependent on a breach of contract claim that is
25 time-barred and inadequately pled. (*Id.* at 12.) The Court discusses the viability of
26 Plaintiff's claims in turn.

27

28

---

[1] The pinpoint page citation refer to the ECF-generated page numbers at the top of each filing.

3:20-cv-01587-AJB-DEB

## A. Breach of Contract

To begin, Defendant contends that the statute of limitations bars Plaintiff's breach of contract claim. Neither party disputes that California law applies to this issue. (Doc. Nos. 3 at 9; 6 at 8.) California's statute of limitations for a written contract is four years. Cal. Code Civ. Proc. § 337. Generally, a cause of action for breach of contract "accrues at the time of the breach," and the statute begins to run "regardless of whether any damage is apparent or whether the injured party is aware of their right to sue." *Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F. Supp. 2d 1127, 1134 (N.D. Cal. 2006) (citing *Niles v. Louis H. Rapoport & Sons*, 53 Cal. App. 2d 644, 651 (1942). A court may dismiss a suit under Rule 12(b)(6) based on the statute of limitations "only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010) (citation omitted). Dismissal on this basis "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

Here, Plaintiff's breach of contract claim rests on the allegation that Defendant failed to pay money owed to Plaintiff under their Referral Agreement. (Doc. No. 1 at 4.) It is unclear from the Complaint, however, when the alleged breach occurred. Plaintiff does allege that Defendant owes Plaintiff commission payments for referrals, including "the eleven (11) known companies, as well as any companies referred to [Defendant] between April 19, 2012 and October 19, 2012." (*Id.* ¶ 27.) Thus, it appears that, at the very latest, Plaintiff's breach of contract claim accrued on October 19, 2012. However, Plaintiff did not commence an action for the purported breach of the Referral Agreement until August 17, 2020—more than three years after the limitations period expired on October 19, 2016. The Court therefore finds that "the running of the statute is apparent on the face of the complaint." *Von Saher*, 592 F.3d at 969. Consequently, Plaintiff must have pled facts to show that the statute was tolled. Plaintiff has not done so.

3:20-cv-01587-AJB-DEB

### i.   Discovery Rule

The only paragraph in the Complaint that appears to address tolling of the statute of limitations is Plaintiff's allegation that "[g]iven CustoPharm has no way of knowing when the business referrals paid monies to Exela, until recently it did not discover and did not know the facts that would have caused a reasonable person to discover that it had suffered harm by Exela not paying it pursuant to the Referral Agreement." (Doc. No. 1 ¶ 14.) The Court construes this allegation as invoking the discovery rule.

California courts have applied the discovery rule to breach of contract claims where [t]he injury or the act causing the injury, or both, have been difficult for the plaintiff to detect"; "the defendant has been in a far superior position to comprehend the act and the injury"; and "the defendant had reason to believe the plaintiff remained ignorant he had been wronged." *Gryczman v. 4550 Pico Partners, Ltd.*, 107 Cal. App. 4th 1, 5 (2003) (quoting *April Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805, 832 (1983) (applying the discovery rule to a breach of contract action where the breach was committed in secret and plaintiff would not reasonably discover the harm from the breach until a future time). "The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). "[P]laintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." *Id.* at 808. To delay accrual of a cause of action based on the discovery rule, a plaintiff "must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* at 808 (emphasis in original).

Here, Plaintiff has not alleged facts showing the time and manner of its discovery of Defendant's alleged breach or its inability to make the discovery earlier despite reasonable diligence. *See id.* Plaintiff's vague allegations that it had "no way of knowing when the business referrals paid monies to Exela" and that it did not discover these facts "until recently" do not suffice. (Doc. No. 1 ¶ 14.) Although Plaintiff generally alleges that

3:20-cv-01587-AJB-DEB

Defendant "acknowledged that referrals were made and money was owed," (*id.* ¶ 18), Plaintiff fails to identify the specific time or manner of that discovery. There are also no allegations pertaining to Plaintiff's efforts and exercise of reasonable diligence in discovering the alleged breach. Plaintiff must plead more to avail itself of the discovery rule. Accordingly, the Court finds that Plaintiff's Complaint does not show that the discovery rule tolls the statute of limitations in this case.

### ii.    Continuous Accrual

In the opposition, Plaintiff contends that the continuous accrual doctrine applies because "Defendant has a continuing obligation to pay commission on the referrals based on the survival provision in the Referral Agreement." (Doc. No. 6 at 5, 9.) "[U]nder the theory of continuous accrual, a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013). Generally, "continuous accrual applies whenever there is a continuing or recurring obligation." *Id.* at 1199 (citation omitted). Each new breach of an obligation that provides all elements of a claim is treated as an independently actionable harm with its own time limit for recovery. *Id.* However, the theory "supports recovery only for damages arising from those breaches falling within the limitations period." *Id.* The doctrine effectively limits the amount of retroactive relief a plaintiff can recover to the benefits or obligations which came due within each respective limitations period. *Id.*

Plaintiff argues that "to this date, Defendant has a continuing obligation to pay commissions on the referrals based on the survival provision in the Referral Agreement," and that pursuant to the continuous accrual doctrine, this continuing obligation triggered a new limitations period each time Defendant failed to pay a commission owed. (Doc. No. 6 at 9.) These specific allegations, however, are not in the Complaint. And while the Complaint contains an allegation that Plaintiff "made several referrals that resulted in the drug being manufactured by" Defendant, Plaintiff does not specify the time period in which

1   Defendant received payment from these unidentified referrals[2]. The Court cannot assume
2   that Defendant's obligation to pay commission was triggered and violated within the four
3   years prior to the filing of the Complaint because the Complaint contains no allegations
4   concerning when the facts constituting the alleged breach occurred. *See Assoc. Gen.*
5   *Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It
6   is not, however, proper to assume that the [plaintiff] can prove facts that [it]
7   has not alleged."). Simply put, Plaintiff must have pled some wrongdoing by Defendant in
8   the four years prior its filing of the Complaint. Plaintiff has not done so. Instead, Plaintiff
9   vaguely alleges that it made several unidentified referrals to Defendant that resulted in a
10  drug being manufactured by Defendant at some point in time. Without more, the Court
11  declines to find that Plaintiff has adequately pled that the continuous accrual theory applies
12  in this case.

13          **iii.    Equitable Estoppel**

14          Plaintiff further argues that Defendant should be equitably estopped from asserting
15  the statute of limitations based on certain representations it made to Plaintiff in prior
16  communications. (Doc. No. 6 at 5, 10.) Facts supporting this theory, however, do not
17  appear within the four corners of the Complaint and are therefore inappropriate for the
18  Court's consideration. *See Assoc. Gen. Contractors of Cal., Inc.*, 459 U.S. at 526.
19  Accordingly, the Court finds that the allegations in the Complaint do not support the
20  application of equitable estoppel at this point.

21                                          * * *

22          For the foregoing reasons, the Court finds that, on the face of the Complaint,
23  Plaintiff's breach of contract claim is barred by the statute of limitations, and Plaintiff has
24  not sufficiently pled that the statute was tolled. *See Von Saher*, 592 F.3d at 969; *Jablon*,

25

26
    ───────────────────
27  [2] To the extent that Plaintiff claims that it cannot publicly disclose the names of businesses it referred to
    Defendant, Plaintiff may submit for the Court's consideration, a motion to file the names under seal, in
28  accordance with the Court's civil case procedures. *See* Battaglia Civ. Case Proc. § IV.

                                                                    3:20-cv-01587-AJB-DEB

614 F.2d at 682. Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's breach of contract claim on this basis.[3]

## B. Accounting and Declaratory Relief

Plaintiff acknowledges that the four-year statute of limitations previously discussed also applies to its claims for accounting and declaratory relief as these claims are "tied" to its claim for breach of contract. (Doc. No. 6 at 9–10.) Thus, because the running of the statute is apparent on the face of the Complaint, and Plaintiff failed to allege facts to show that the statute was tolled, Plaintiff's claims for accounting and declaratory relief must similarly be dismissed. Accordingly, the Court **GRANTS** Defendant's motion to dismiss these claims on this basis.

## C. Leave to Amend

Federal Rule of Civil Procedure 15 provides that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A district court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation omitted). Here, Plaintiff represents that it can allege facts to overcome the statute of limitations issues, as well as facts supporting a claim for account stated. (Doc. No. 6 at 10.) Based on Plaintiff's representations and the notion that leave to amend should be freely given, the Court affords Plaintiff leave to amend its Complaint. Accordingly, the Court **DISMISSES** Plaintiff's Complaint **WITH LEAVE TO AMEND**.

//

//

//

//

//

//

---

[3] As the Court is dismissing Plaintiff's breach of contract claim on this basis, it need not consider Defendant's argument that Plaintiff failed to state a claim under Rule 12(b)(6).

3:20-cv-01587-AJB-DEB

IV.    CONCLUSION

In sum, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's Complaint. The Court, however, affords Plaintiff **LEAVE TO AMEND**. Plaintiff's First Amended Complaint must be filed, with a redlined version attached, <u>no later than September 22, 2021</u>. Failure to do so may result in dismissal of the case with prejudice. Any responsive pleading must be filed <u>no later than October 1, 2021</u>.

**IT IS SO ORDERED**.

Dated:  September 13, 2021

Hon. Anthony J. Battaglia
United States District Judge